## Case No. 17,471.

### WETZELL v. BUSSARD.

[2 Cranch, C. C. 252.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.[2]

#### PRACTICE—PLEA OF LIMITATION.

If the defendant instructs his attorney to plead the statute of limitations, and he pleads it after the rule-day, the court will refuse to order the plea to be stricken out if the attorney, having been recently admitted to practice, was ignorant of the rule which requires that such a plea should be filed strictly within the rule-day.

[Followed in Union Bank v. Eliason, Case No. 14,350.]

The plea of limitations was filed in this cause after the rule-day, and the issue was made up by the clerk.

Mr. Redin and Mr. Swann, for plaintiff, moved the court to order the plea to be stricken out, because not filed before the expiration of the rule to plead; and cited the case of Thompson v. Afflick [Case No. 13,939], in this court at June term, 1812, in which the court decided that they would not receive the plea after the rule-day, unless upon affidavit showing that it is necessary for the justice of the case.

Mr. Jones, for defendant, opposed the motion, and produced the affidavit of Mr. Turner, the defendant's attorney, stating that he was admitted to practice at June term, 1820, which was the return term of the writ in this cause. That his appearance for the defendant was entered at that term; and that during that term he was instructed by the defendant to plead the statute of limitations. That upon inquiring of some of the practitioners at what time it was necessary to plead, he was informed and understood that all pleas would be in time if filed during the second or imparlance term. He did not ask particularly

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 11 Wheat. (24 U. S.) 309.]

as to the plea of limitations, and did not know that it was an exception to the general rule; and therefore did not file the plea until the second term. There was also an affidavit of the defendant himself, confirming that of Mr. Turner, and stating facts tending to show that the plea was necessary to the justice of the case.

THE COURT (nem. con.) refused to strike out the plea, principally on the ground stated in the affidavit of Mr. Turner.

There was a demurrer to the evidence, upon which this court rendered judgment for the defendant at October term, 1822, which was affirmed by the supreme court of the United States. 11 Wheat. [24 U. S.] 309.